UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RAGHDAA ALI,

       Plaintiff,

v.                                                 Case No. 14-14339
                                                 HON. AVERN COHN

ADVANCE AMERICA CASH ADVANCE
CENTERS, INC., a Delaware corporation;
ADVANCE AMERICA CASH ADVANCE
CENTERS OF MICHIGAN, INC., a Delaware
corporation;
JANE DOE, Store Manager, Advance America
Cash Advance Centers of Michigan, Inc.
Location Number 1378,

       Defendants.

_____/

## MEMORANDUM AND ORDER

## GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 31)

## DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 34)

## AND BIFURCATING LIABILITY FROM INJUNCTIVE RELIEF AND DAMAGES


This is a discrimination case. Raghdaa Ali (Plaintiff) seeks relief under 42 U.S.C. § 1981 and the public accommodations provision of the Michigan Elliott-Larsen Civil Rights Act, M.C.L. § 37.2302 (ELCRA). Plaintiff claims that Advance America Cash Advance Centers, Inc. (Defendants), a financial business whose services include check cashing, violated these statutes by refusing to do business with her because she was wearing a headscarf. Defendants say the restriction against headscarves is for the safety and security of its employees.

Now before the Court is Defendants' Motion for Summary Judgment (Doc. 31) and Plaintiff's Motion for Summary Judgment and Permanent Injunction (Doc. 34). For the reasons that follow, Defendants' motion is GRANTED IN PART AND DENIED IN PART and Plaintiff's motion for summary judgment is DENIED.

Additionally, Plaintiff's § 1981 claim and national origin claim under the ELCRA are DISMISSED.[1] Plaintiff's claim that Defendants are liable for religious discrimination under the ELCRA shall proceed to trial, separate from Plaintiff's claim for injunctive relief and damages.

## II. BACKGROUND

### A.

Plaintiff is a Muslim female and an Arab American. She was born in Baghdad, Iraq, and adorns a headscarf consistent with her religious beliefs.[2] For religious reasons, her headscarf cannot be removed in a public place.

On June 13, 2014, Plaintiff visited Defendants' branch office in Inkster, MI, to obtain a money order. There was a sign at the entrance of the branch office that read,

---

[1]     Plaintiff's intentional infliction of emotional distress ("IIED") claim similarly fails. To state a claim for IIED, Plaintiff must prove: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress. *Manuel v. Gill*, 270 Mich. App. 355, 381 (2006). To meet this standard, the described conduct must be "so outrageous in character and so extreme in degree that it goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community." *Grochowalski v. Detroit Auto. Inter Ins. Exch.*, 171 Mich. App. 771, 775-76 (1988).

Here, although discrimination on the basis of religion can undoubtedly form the basis for an IIED claim, the description of Defendants' conduct falls short of the "extreme and outrageous conduct" required to make out an IIED claim. For these reasons, Plaintiff's IIED claim is DISMISSED.

[2]     The parties' briefs use the term "*hijab*," which refers to the veil or head covering worn by Muslim women in public. The Court, however, will defer to the U.S. Supreme Court's terminology in *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 135 S. Ct. 2028, 2030 (2015), which uses the term "headscarf."

"REMOVE HATS AND SUNGLASSES." Plaintiff attempted to enter the branch office. She was told that she would not be allowed in the store unless she removed her headscarf. A headscarf is considered by Defendants to be a form of hat.

Defendants assert that their policy against hats is to ensure the safety and security of the branch office. Defendants state that this constitutes a legitimate, nondiscriminatory reason for its policy.

**B.**

Plaintiff claims (1) deprivation of her of her civil rights in violation of § 1981; (2) discrimination on the basis of national origin (Iraq) and religion (Islam) in violation of ELCRA; and (3) intentional infliction of emotional distress. In addition, Plaintiff seeks a permanent injunction enjoining Defendants from denying services to Plaintiff and to all other Arab American, Muslim women who wear a headscarf. Both parties assert that they are entitled to summary judgment.

## II. STANDARD OF REVIEW

The summary judgment standard of review under Fed. R. Civ. P. 56 is well known and not repeated here. Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact drawing "all justifiable inferences in the light most favorable to the non-moving party." *Hager v. Pike Cnty. Bd. of Ed.*, 286 F.3d 366, 370 (6th Cir. 2002).

## IV. DISCUSSION

### A. Plaintiff's Claims Under 42 U.C.S. § 1981

To establish a claim for racial discrimination under § 1981, a plaintiff must plead and prove that: "(1) he belongs to an identifiable class of persons who are subject to

discrimination based on their race; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006). However, section 1981 only provides a cause of action for alleged discrimination on the basis of race, alienage, ancestry or ethnic characteristics. See *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987). Section 1981 does not cover claims of discrimination based on religion. *See e.g.*, *Foreman v. Gen. Motors Corp.*, 473 F. Supp. 166 (E.D. Mich. 1979); *Lubavitch-Chabad of Illinois, Inc. v. Northwestern Univ. et. al.*, 772 F.3d 443 (7th Cir. 2014).

Here, Defendants argue that Plaintiff's § 1981 claim must fail because it is premised on discrimination based on her religion, a basis which is not covered under § 1981. Plaintiff in response says that she was discriminated against based on ethnic characteristics (Arab American), a class which is protected under § 1981.

Plaintiff's claim lacks merit. Here, Plaintiff is claiming discrimination based upon her personal decision to wear a headscarf in accordance with her Muslim religion. Plaintiff's observance of her religion in this particular way—wearing a headscarf—is the central operative fact in her discrimination claim. Plaintiff has not shown that any particular characteristic of her Arab-American ethnicity requires the wearing of a headscarf, or that she was discriminated against based on any other characteristic as an Arab-American. For this reason, Plaintiff's § 1981 claim has been dismissed.

### B. Plaintiff's Claims Under the Elliott-Larsen Civil Rights Act

### 1.

The ELCRA is a Michigan statute prohibiting discrimination in public accommodation and public services, based on certain protected characteristics including national origin and religion.   Section 302 of the ELCRA, M.C.L. 37.2302, states:

> Except where permitted by law, a person shall not:
>
> (a) Deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of religion [and] national origin . . . .
>
> (b) Print, circulate, post, mail, or otherwise cause to be published a statement, advertisement, notice, or sign which indicates that the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service will be refused, withheld from, or denied an individual because of religion [and] national origin, . . . or that an individual's patronage of or presence at a place of public accommodation is objectionable, unwelcome, unacceptable, or undesirable because of religion [and[ national origin . . . .

To state a claim under the ELCRA, Plaintiff "must first show disparate treatment or intentional discrimination."  Then, Defendants "must establish a legitimate reason for its actions." Finally, Plaintiff must show "that the reasons proffered are pretextual either by showing they lack credibility or by showing that a discriminatory motive was a more likely reason for the action."  *Clarke v. K-Mart Corp.*, 197 Mich. App. 541, 545 (1992) (internal citations omitted).

**2.**

Plaintiff claims violation of the ELCRA based on national origin and religion.  As to Plaintiff's national origin claim, Defendants argue that Plaintiff fails to link her wearing of a headscarf to any particular national origin.  This argument is persuasive.  As with Plaintiff's § 1981 claim based on ethic characteristics, Plaintiff cannot show that her wearing of a headscarf is related to or is required by her national origin status.

Plaintiff's ELCRA claim for discrimination on the basis of national origin has been dismissed.

### 3.

### a.

As to Plaintiff's claim based on religion, however Plaintiff has made out a prima facie case. As described above, Plaintiff's wearing of a headscarf is directly related to, and is further required by, her Muslim religion. Therefore, Plaintiff can plausibly show disparate treatment based on religion.

### b.

Here, Plaintiff has proffered no direct evidence of intentional discrimination. To analyze an ELCRA discrimination claim in absence of direct evidence, the Sixth Circuit employs the burden-shifting framework described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir.1999) ("We review claims of alleged race discrimination brought under § 1981 and the Elliot-Larsen Act under the same standards as claims of race discrimination brought under Title VII."); *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008) ("Absent direct evidence of discrimination, claims brought pursuant to . . . § 1981, and the Elliot-Larsen Act are subject to the tripartite burden-shifting framework first announced by the Supreme Court in [*McDonnell Douglas*] . . .").

Under the *McDonnell Douglas* framework, a plaintiff has the initial burden of establishing a prima facie case of discrimination. Once this is established, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its action. *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 394 (6th Cir. 2008). The

plaintiff is then allowed to show that the stated reasons are pretext for discrimination. A party may show "pretext by demonstrating 'that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct.'"   *Pierson v Quad/Graphics Printing Corp.*, 749 F3d 530, 539 (6th Cir. 2014) (quoting *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 576 (6th Cir. 2003) (en banc).

Here, Defendants argue that the safety and security of their branch office is a legitimate, nondiscriminatory reason or for its policy against headscarves.  Defendants say that the facially neutral safety policy against headscarves "was developed and is applied to deter criminal activity and to ensure its employees and customers can perform financial transactions in a safe and secure manner."   (Doc. 31 at 10) Defendants further explain that the policy exists for identification purposes, so that its employees can recognize suspicious behavior.   Defendants explain that the branch office Plaintiff tried to enter did not have bullet-resistant glass protecting its employees, and that the policy against headscarves only applies at branch offices without bullet-resistant glass.   Defendants say that Plaintiff could have done business at any of its nearby branch offices equipped with bullet-resistant glass without removing her headscarf.  Plaintiff argues that Defendants' stated reasons are merely pretextual.

There is a genuine material dispute as to the merits of Defendants' stated reasons for its policy against headscarves.  Based on the record before it, the Court is unable to say, as a matter of law, whether Defendants' proffered reasons are or are not pretextual.   Plaintiff has met the prima facie burden, and there remains a factual

question as to Defendants' reason for its policy.  Summary judgment is therefore inappropriate.

## V. CONCLUSION

For the reasons stated above, Plaintiff's religious discrimination claim under the ELCRA must proceed to trial.  Pursuant to Fed. R. Civ. P. 42(b), Plaintiff's claim that Defendants are liable for religious discrimination is BIFURCATED from Plaintiff's claim for injunctive relief and damages.  The question of Defendants' liability shall proceed to trial first.

SO ORDERED.

s/Avern Cohn
UNITED STATES DISTRICT JUDGE

DATED:  June 24, 2015

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 24, 2015, by electronic and/or ordinary mail.

s/Marie Verlinde for s/Sakne Chami
Case Manager, (313) 234-5160